**DOPPES, ESTATE OF, In Re**

Ohio Appeals, 1st Dist, Hamilton Co

No 6046. Decided Jan 12, 1942

Geismar & Doyle, Cincinnati, for appellant.

John T. Bailey, Jr.; Bates, Skirvin & Varnau, Cincinnati, for appellees.

**OPINION**

By HAMILTON, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

This law suit grows out of the settlement of the estate of J. Henry Doppes, deceased, and was initiated in an application to the Probate Court of Hamilton County, in which the executor represented to the court that it was appointed such executor on the 4th day of March, 1936, and that subsequently on the 17th day of April, 1936, Helen Doppes, a beneficiary named in the will delivered to the applicant executor two notes, setting forth in the application copies of the two notes in question. One note is for $200.00, signed by H. C. Doppes and Gertrude Doppes; H. C. Doppes being the son of the testator and Gertrude Doppes being the wife of H. C. Doppes. The other note was for $4755.00, and was signed by H. C. Doppes, the son.

The applicant, executor sets forth in the application a copy of Item 6 of the Last Will and Testament of J. Henry Doppes, which Item is as follows:

"If at the time of my death any of my children shall be indebted to me, said indebtedness shall be considered as a part of my estate and shall be deducted from the bequests herein made to any such child, provided that none of my children shall be considered to be indebted to me unless such indebtedness is evidenced by a promissory note or notes signed by said child or children and in my possession at the time of my death."

The executor applicant stated that it was in doubt as to whether said notes were valid obligations belonging to the Estate of J. Henry Doppes, deceased, and whether the same should be set forth in the inventory and appraisal of said estate, and asked the Court for instructions regarding the same.

The matter was heard by the Probate Court, which Court rendered an opinion, holding that the notes in question were not obligations belonging to the estate of J. Henry Doppes, for the reason that said notes were not in the possession of the decedent at the time of his demise, and further, for the rea-

son that the estate of J. Henry Doppes is not entitled to same because no suit to contest the will of said J. Henry Doppes has been instituted by said maker of said notes, Harry C. Doppes, during the statutory times in which a contest of a will can be filed in Ohio.

From that decision of the Probate Court, the two daughters beneficiaries and legatees under the will filed an appeal to the Court of Common Pleas, from the judgment of the Probate Court on the question. A motion was filed by H. C. Doppes to dismiss the appeal, while the appellants filed motions for summary judgment on the pleadings. These motions were heard by Judge Nelson Schwab of the Common Pleas Court, who ruled that the motions of the appellants for summary judgment on the pleadings should be overruled, as there was a question of fact as to the character of the notes in issue. In this ruling, the court was correct.

The appellee urged the dismissal of the appeal on the ground that it was not such a suit as was within the meaning of the Code, and did not come within the contemplation of the statute providing for appeal. Judge Schwab ruled that by virtue of §10504-66 GC, the appeal was proper. That section provides: "Any fiduciary may maintain an action in the Probate Court or Court of Common Pleas against creditors, legatees, distributees or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered, and the rights of the parties in interest, * * * From any order, judgment or decree of the Probate Court in such proceeding, an appeal may be taken to the Court of Common Pleas * * *"

The section quoted gives the right of appeal and the court was correct in overruling the motion to dismiss the appeal, which brings us to the main question in the case, which is, what was the character of the two notes, and should they be considered as advancements and charged against the interest of Harry C. Doppes, on distribution, only, or be considered as property belonging to the estate, to be administered.

The oral evidence complained against by the appellant is not of any controlling force in the consideration of the case, and no prejudicial error intervened on this proposition.

In the trial of the case before the Common Pleas Court, the case was submitted de novo, and the record discloses the following written evidence.

"January 27, 1934.

My dear Son
Henry C.

Before writting this Message to you I have given the matter I am writing about, a great deal of thought.

In re to Money **I have advanced to you,** if it had not been for the Depression I perhaps would not be writing now; going back only to the year 1929.

Every time I sent you a check I should have given one for the same amount to your Sisters Helen and Alice. Financially I was not able to do this now to place you and your Sisters on an equal footing, and in the absence of ready Cash

I must ask you to send me a written acknowledgement or a Note for the following amount $4755.00.

| | | |
|---|---|---|
| for the year 1929 | $ 685.00 | |
| for the year 1930 | 1067.50 | |
| for the year 1931 | 1035.00 | For form |
| for the year 1932 | 1063.00 | of Note |
| for the year 1933 | 902.50 | see back |
| | ——— | of this |
| Total | $4755.00 | letter |

Hoping that you will see that my request is fair and just, I await your answer.

Your Father,
(Signed) J. Henry Doppes.

I suggest the following Form.

702 5th Ave., Dayton, Ky. _____1934

For value received I promise to pay to my Father J. Henry Doppes or his Estate the sum of Four Thousand seven hundred and fifty-five dollars to cover

the amounts of Money he advanced me in the years 1929-1930-1931-1932 and 1933. $4755.00."

"Dayton, Ky., Jan. 29th, 1934.
Dear Dad:
In reply to your letter of the 27th I want to say that before signing any note, that I think it would be advisable for me to check over the amounts that you sent over here.

When you mail Gertrude the next check you can leave her know when this will be suitable to you, trusting that this will be satisfactory to you, I remain, Your son,
Harry."

"Jan. 30, '34.
Dear Son:
In reply to yrs 29th an itemized Statement of your account as per your wish, remember this is for cash and does not include any other items.
Dad.
Enclosures, a Separate itemized a/c for each year."

"Feb. 21/34
To my Executor
The note dated May 5, 1930____$ 200.00 also another dated Feb. 13, 1934_ 4755.00

Total _____$4955.00
is evidence that I advanced money to my Son and his wife.

They are of no value, and must not be added in, or included in making Valuation of my Estate, there is no Market Value to them.

If and when dividing my Estate as per my Will, there should be any Money coming to my Son, you use the Notes in paying him and cancel em.
Yours truly
(Signed) J. Henry Doppes."

"Jan. 23, 1935.
TO MISS HELEN DOPPES
1135 Seton Ave.,
to be opened after my Death.
(Signed) J. Henry Doppes."

Enclosed in said envelope was a letter reading as follows:

"1135 Seton Ave., Jan. 23rd, 1935.
My dear daughter Helen:
I am herewith placing in your possession an Envelope with the following Notation on it.
Feb. 22nd, 1934.
Memoranda
Notes & Letters
to and from
Mr. and Mrs. H. C. Doppes.

I want you to hold this Envelope with contents, after my Death if either Mr. & Mrs. H. C. Doppes should contest my will, same may be used as evidence that I advanced them Money, and that the Executor of my Estate, if there should be any Money due to my Son and his wife, Mr. and Mrs. H. C. Doppes, that said Executor may use the Notes to pay them the said Mr. and Mrs. H. C. Doppes, as that is all said Notes could be used for and is only fair and just to you and your Sister Alice Doppes Bailey to place you all on an equal basis as to your share of my Estate, these Notes do not cover near all the Money I have advanced your Brother and his wife, but this is all the evidence I have. I do not want the Executor to hold them or to include them in my estate as they can be used for only one purpose, there is no other value to them.

You take care of them, and use them at the proper time, that is when settlement of my Estate is made.

I kindly ask you, to at all times to be Charitable and Considerate and Keep out of Courts.

With my Kindliest feeling for all of you, and especially for you, I thank you for all the love and kindness that you have given me.
Sincerely Your Father,
(Signed) J. Henry Doppes."

"Cincinnati, May 5th, 1930.
One year after date we promise to pay to the order of J. Henry Doppes Two Hundred and no/100 Dollars at 1250 Gest St
(Signed) H. C. Doppes,
Gertrude Doppes."

"Feb. 13th, 1934,
Dayton, Ky.
702 Fifth Ave.

For Value Received, I promise to pay to my Father J. Henry Doppes or his Estate, Four Thousand, Seven Hundred and Fifty- Five Dollars for Money advanced to me.

($4755.00)    (Signed) H. C. Doppes."

Item 6 of the Last Will and Testament of J. Henry Doppes, deceased, dated April 10, 1930, admitted to probate March 4th, 1936, is as follows:

"ITEM 6. If at the time of my death any of my children shall be indebted to me, said indebtedness shall be considered as a part of my estate and shall be deducted from the bequests herein made to any such child, provided that none of my children shall be considered to be indebted to me unless such indebtedness is evidenced by a promissory note or notes signed by said child or children and in my possession at the time of my death."

There was no contest of the will within the time provided by law.

It is claimed by appellant that there being no contest of the will, the notes should not be considered, that they were of no value. Further, that the notes were not in the possession of the testator as provided for in Item 6 of the will—"and in my possession at the time of my death," a prerequisite to collectability.

It appears in the letter from the deceased to his daughter Helen that the notes were left in a letter and that letter placed in a letter with instructions to the daughter, to be opened after his death, and to be used in case of a contest of the will to show the character of the claimed advancements as denominated in the will.

Under the writing and the evidence adduced, the whole question rests upon whether the decedent under Item 6 of the will had surrendered irrevocable possession of the notes, so that under Item 6 of his will there was no liability on the part of the maker.

Item 11 of the will specifically barred any person contesting the will from any participation in the estate.

There is nothing in the record to show that J. Henry Doppes could not have obtained possession of the letter containing the notes given to his daughter Helen during his lifetime. She appears from the evidence to have been his agent or bailee for the purpose of preserving the evidence and there is nothing to indicate any other purpose.

Our conclusion is, that the notes in the letter which was delivered to Helen was not a transfer of the property or absolute possession to her and that J. Henry Doppes did not part with the right of property and possession therein.

It is urged by appellant that the Court of Common Pleas in its judgment exceeded the request made in the application of the executor for instructions. We are unable to see how the judgment exceeds the request in the application, unless it be in declaring the notes to be a valid obligation belonging to the estate of J. Henry Doppes. The fact that the court made such pronouncement in connection with the latter part of the judgment, holding that the sum thereof was to be deducted from the distributive share of Henry C. Doppes, would seem to leave the settlement of the estate clear as to the duties of the executor, notwithstanding, in the order it is set forth that the notes should be listed in the inventory. The statute does use language indicating that such advancements should be considered as part of the estate.

The application of the Executor to the Probate Court for instructions contains a full report of the notes in question and this would seem to be sufficient return for use on distribution of the estate, without disturbing the inventory.

Our conclusion is—that the money represented by the notes was given to the son, Henry C. Doppes by the father as an advancement, and

should be so considered in the settlement of the estate. The form of the report is immaterial, whether in listing of the inventory, or as reported in some other way, the requirement is that the sum due on the note be deducted from the distributive share of Henry C. Doppes and Gertrude Doppes, his wife.

This conclusion requires in effect an affirmance of the judgment of the Court of Common Pleas, except as to the listing of the notes in the inventory as an asset of the estate. As to that, the judgment may be modified.

MATTHEWS, PJ. & ROSS, J., concur.